## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FAMILY RESEARCH COUNCIL, INC., | ) | |
| 801 G Street, N.W., | ) | |
| Washington, DC   20001 | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE | ) | |
| 950 Pennsylvania Avenue, N.W. | ) | |
| Washington, DC   20530-0001, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| U.S. DEPARTMENT OF EDUCATION | ) | |
| 400 Maryland Avenue, S.W. | ) | |
| Washington, DC   20202 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Family Research Council, Inc. ("FRC") brings this action against Defendants U.S. Department of Justice ("DoJ") and U.S. Department of Education ("DoE") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       FRC is a non-profit corporation organized under the laws of the District of Columbia.   Its principal place of business is 801 G Street, N.W., Washington, DC  20001.   FRC seeks to advance faith, family, and freedom in public policy and public opinion through policy research, public education, and grassroots mobilization.

4.       DoJ is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.   Defendant has possession, custody, and control of records to which Plaintiff seeks access.

5.       DoE is an agency of the U.S. Government and is headquartered at 400 Maryland Avenue, S.W., Washington, DC 20202.   Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

### FOIA Request to Defendant Department of Justice

6.       On April 24, 2012, FRC submitted a FOIA request to DoJ seeking access to copies of:

A.  Any and all records concerning, regarding, or relating to the anti-bullying and anti-harassment policies of the Anoka-Hennepin School District which culminated in the Anoka-Hennepin Consent Decree;

B.  Any and all communications between and/or among the U.S. Department of Justice, the U.S. Department of Education, the Southern Poverty Law Center, and/or the National Center for Lesbian Rights concerning, regarding, or relating to the anti-bullying and anti-harassment policies of the Anoka-Hennepin School District which culminated in the Anoka-Hennepin Consent Decree; and

C.  Any and all communications between the U.S. Department of Justice and any third parties not named in #2 (above), concerning, regarding, or relating to the anti-bullying and anti-harassment policies of the Anoka-Hennepin School District which culminated in the Anoka Hennepin Consent Decree.

The time frame for this request is June 1, 2011 to the present.

7.      By letter dated August 31, 2012, the Civil Rights Division, a component of DoJ,

informed FRC that DoJ had determined that all records responsive to FRC's FOIA request pertain

to an active law enforcement proceeding.   DoJ therefore informed FRC that DoJ was denying

access to all responsive records pursuant to FOIA Exemption 7(A).   In addition, DoJ informed

FRC of its right to file an administrative appeal within 60 days.

8.      By letter dated September 28, 2012, FRC sent a timely administrative appeal of

DoJ's final determination.

9.      By letter dated October 25, 2012, DoJ acknowledged receiving FRC's

administrative appeal on October 3, 2012 and assigned FRC's administrative appeal number

AP-2013-00091.

10.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), DoJ was required to make a determination

with respect to FRC's appeal within twenty (20) working days after its receipt of the appeal, or by

November 1, 2012.   DoJ did not make any determination on FRC's administrative appeal.   Nor

did DoJ inform FRC of the provisions for judicial review of any determination.

11.      As of the date of this Complaint, DoJ has failed to make a determination with

respect to FRC's appeal.

### FOIA Request to Defendant Department of Education

12.      On April 24, 2012, FRC submitted a FOIA request to DoE seeking access to copies

of:

A.   Any and all records concerning, regarding, or relating to the anti-bullying and
     anti-harassment policies of the Anoka-Hennepin School District which
     culminated in the Anoka-Hennepin Consent Decree;

B.   Any and all communications between and/or among the U.S. Department of
     Justice, the U.S. Department of Education, the Southern Poverty Law Center,

and/or the National Center for Lesbian Rights concerning, regarding, or relating to the anti-bullying and anti-harassment policies of the Anoka-Hennepin School District which culminated in the Anoka-Hennepin Consent Decree; and

C.   Any and all communications between the Department of Education and/or U.S. Department of Justice and any third parties not named in #2 (above), concerning, regarding, or relating to the anti-bullying and anti-harassment policies of the Anoka-Hennepin School District which culminated in the Anoka Hennepin Consent Decree.

The time frame for this request is June 1, 2011 to the present.

13.     By letter dated May 30, 2012, the Office for Civil Rights, a component of DoE, informed FRC that DoE had searched for and located 7,453 pages responsive to FRC's FOIA request.   In addition, DoE informed FRC that it was producing 294 pages in part and withholding 7,159 pages in their entirety pursuant to FOIA Exemptions 5 and 7(A).   Moreover, DoE informed FRC of its right to file an administrative appeal within 30 days.

14.     By letter dated June 29, 2012, FRC sent a timely administrative appeal of DoE's final determination.   FRC sent its administrative appeal by first-class, certified mail.

15.     According to the United States Postal Service, DoE received FRC's administrative appeal on July 5, 2012.

16.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), DoE was required to make a determination with respect to FRC's appeal within twenty (20) working days after its receipt of the appeal, or by August 3, 2012.

17.     As of the date of this Complaint, DoE has failed to make a determination with respect to FRC's appeal.

18.     Because Defendants have failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A)(ii), FRC is deemed to have exhausted any and all administrative remedies with respect to its FOIA requests, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
## (Violation of FOIA, 5 U.S.C. § 552)

19.     Plaintiff realleges paragraphs 1 through 18 as if fully stated herein.

20.     Defendants are unlawfully withholding public records requested by Plaintiff

pursuant to 5 U.S.C. § 552.

21.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful

withholding of the requested public records, and Plaintiff will continue to be irreparably harmed

unless Defendants are compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to

conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate

that they employed search methods reasonably likely to lead to the discovery of records responsive

to Plaintiff's FOIA requests; (2) order Defendants to produce, by a date certain, any and all

non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive

records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an

award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5

U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   March 27, 2013                          Respectfully submitted,


                                                 /s/ Paul J. Orfanedes
                                                 Paul J. Orfanedes (D.C. Bar No. 429716)
                                                 JUDICIAL WATCH, INC.
                                                 425 Third Street, S.W., Suite 800
                                                 Washington, DC 20024
                                                 (202) 646-5172

                                                 *Counsel for Plaintiff*

5